UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ADENIKE ADEBIYI, ) | |
| ) | |
| Plaintiff, ) | Case No. 08 C 6837 |
| ) | |
| v. ) | Judge Robert M. Dow |
| ) | |
| TIMOTHY FELGENHAUER, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Adenike Adebiyi, brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Defendant Maria Wiskur has filed a motion to dismiss the action [48] pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. For the reasons stated in this order, the motion to dismiss [48] is granted. Furthermore, pursuant to 28 U.S.C. § 1915(e)(2), Defendants Timothy Felgenhauer, Kenneth Givens, and Ima Doyle are dismissed from this suit for failure to state a claim upon which relief can be granted. Finally, Plaintiff's excessive force claim against Defendant Knapp and other unnamed officers is dismissed as time-barred. Accordingly, this case is dismissed.

### I. Background[1]

On January 10, 2007, Plaintiff reported to the Markham courthouse and, to her surprise, her probation officer, Kenneth Givens, reported that Plaintiff had not completed her mental health evaluation and stated that she was "circumventing" the process. Plaintiff was found to be in violation of probation and was arrested.

---

[1] For purposes of Defendant's motion to dismiss, the Court assumes as true all well-pleaded allegations in Plaintiff's amended complaint. See, *e.g.*, *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007).

During the arrest, Cook County Officer Maria Wiskur falsely claimed that Plaintiff had bitten her. Upon hearing the allegation that Plaintiff bit Wiskur, Cook County Officer Knapp knelt on Plaintiff's chest while another unknown officer pusher her head down and screamed, "I will knock your teeth out, bitch!" At some point, Cook County Officer Ima Doyle also claimed that she was scratched by Plaintiff.

In August of 2008, Plaintiff was convicted of a crime of which she maintains her innocence. Following her conviction, Plaintiff contacted the United States Department of Justice, the Illinois Attorney General, and the Attorney Registration and Disciplinary Commission regarding Cook County State's Attorney Timothy Felgenhauer. Plaintiff wrote to these agencies, in part, because of Felgenhauer's report to the state court that Plaintiff had mental health issues.

On December 1, 2008, Plaintiff filed her initial complaint [1] against Felgenhauer, Givens, Doyle, Wiskur, and unknown officers of the Cook County Sheriff's Department. On December 16, 2008, Plaintiff was allowed to proceed *in forma pauperis*. [See 6.] On December 17, 2008, summonses issued as to Defendants Wiskur, Felgenhauer, Givens, and Doyle.

On February 4, 2009, Plaintiff filed an amended complaint [9], naming the same Defendants and adding Knapp as a Defendant. On February 17, 2009, Plaintiff's amended complaint was held in abeyance following the appointment of counsel. [See 11.] Shortly thereafter, summonses were returned, executed as to Wiskur and Felgenhauer. [See 12, 15.] Summonses were returned unexecuted as to Givens and Knapp (the USM-285 form for the service of the complaint on Doyle was changed to Knapp; service was never attempted on Doyle). [See 13, 14.]

On May 20, 2009, Plaintiff's appointed counsel was allowed to withdraw. [See 21.] On June 4, 2009, Plaintiff was appointed new counsel and her amended complaint remained in abeyance. [See 22.] On September 25, 2009, Plaintiff's second counsel was allowed to withdraw based on his

belief that an amended complaint could not be filed consistent with Federal Rule of Civil Procedure 11. [See 31.]

On December 9, 2009, a notice of suggestion of death [36] was filed as to Felgenhauer. On January 15, 2010, the Court gave Plaintiff additional time, until February 12, 2010, to file an amended complaint. On March 1, 2010, because Plaintiff had not timely filed a second amended compliant, the Court determined that Plaintiff would be proceeding on her first amended complaint. [See 47.]

## II. Analysis

It is well established that *pro se* complaints are to be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); see also *McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir. 2000). In addition, when considering whether to dismiss a complaint for failure to state a claim upon which relief can be granted, the Court takes the allegations in the complaint as true, viewing all facts – as well as any inferences reasonably drawn therefrom – in the light most favorable to the plaintiff. *Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000); *Bell Atlantic Corp.*, 550 U.S. 544, 555-56 (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508, n. 1, (2002)). However, some factual allegations may be "so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claims." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. Aug. 20, 2009) (quoting *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007)).

Federal Rule of Civil Procedure 8(a)(2) requires, in relevant part, that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the * * * claim is and the grounds upon which it rests." Rule 8 reflects a liberal notice pleading requirement that focuses the 'litigation on the merits of the claim'

3

rather than some technicality that might keep a plaintiff out of court. *Brooks*, 578 F.3d at 580 (quoting *Swierkiewicz*, 534 U.S. at 514). Alleging specific facts is not required. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007). However, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic*, 550 U.S. at 555. The plaintiff's claim must be "plausible" in that there are "enough facts to raise a reasonable expectation that discovery will reveal evidence" that supports the plaintiff's allegations. *Bell Atlantic*, 550 U.S. at 556.

### A. Defendant Wiskur's Motion to Dismiss

Plaintiff alleges that she was maliciously prosecuted based on Wiskur's allegation that she was bitten by Plaintiff. To state a claim for malicious prosecution under Illinois law, a plaintiff must allege: (1) she was subjected to judicial proceedings; (2) for which there was no probable cause; (3) the defendants instituted or continued the proceedings maliciously; (4) the proceedings were terminated in plaintiff's favor; and (5) there was an injury. *Reed v. City of Chicago*, 77 F.3d 1049, 1051 (7th Cir. 1996). Plaintiff does not plead that the proceedings stemming from the alleged bite were terminated in her favor. In her motion to dismiss, Wiskur includes a certified statement of conviction demonstrating that Plaintiff was convicted of aggravated battery to an officer or governmental employee on June 10, 2009, related to the allegations in her amended complaint. Plaintiff does not dispute her conviction in her response to the motion to dismiss. The Court takes judicial notice of this certified statement of conviction. Plaintiff does not, and cannot at this time, plead that the proceedings were terminated in her favor. Thus, she cannot state a malicious prosecution claim, and the Court grants Wiskur's motion to dismiss.

### B. The Court's § 1915(e)(2) Analysis of Plaintiff's Remaining Claims

4

Pursuant to 28 U.S.C. § 1915(e)(2), the Court shall dismiss any claims brought *in forma pauperis* that fail to state a claim on which relief can be granted or are brought against a defendant who is immune from damages.

### 1. *Defendant Felgenhauer*

Plaintiff alleges that Felgenhauer maliciously prosecuted her (Counts I and III). Plaintiff does not allege that any proceedings in which Felgenhauer participated were terminated in Plaintiff's favor. Thus, she has failed to state a malicious prosecution claim against Felgenhauer. Furthermore, it is well-established that a prosecutor is entitled to absolute immunity from suit under § 1983 with respect to certain types of official conduct, including initiation and pursuit of criminal prosecution, presentation of the state's case at trial, and any other conduct that is closely associated with the judicial process. See *Mendenhall v. Goldsmith*, 59 F.3d 685, 689 (7th Cir. 1995); *Buckley v. Fitzsimmons*, 509 U.S. 259 (1993). Thus, Plaintiff fails to state a claim upon which relief can be granted as to Felgenhauer.

### 2. *Defendant Doyle*

Plaintiff's sole allegation against Defendant Doyle is that Doyle, like Wiskur, falsely stated that Plaintiff scratched her. This allegation fails to state a claim upon which relief can be granted for the same reasons that a claim against Defendant Wiskur cannot be maintained.

### 3. *Defendant Givens*

Plaintiff's only allegations as to Defendant Givens concern Plaintiff's surprise that Givens reported that Plaintiff had not completed her mental health evaluation and that she was "circumventing" the process. These minimal allegations fail to state a claim against Givens. Furthermore, probation officers are absolutely immune from suits challenging conduct intimately associated with the judicial process. See *Copus v. City of Edgerton*, 151 F.3d 646, 649 (7th Cir.

1998). Plaintiff's allegations as to Givens are based on his report and recommendation to the court as Plaintiff's probation officer. Thus, Givens has absolute immunity and Plaintiff cannot state a claim upon which relief can be granted as to Givens.

### 4. *Defendant Knapp and "Unknown Officer"*

Plaintiff's remaining claim is brought against Defendant Knapp and another unknown officer for alleged use of excessive force against Plaintiff during her arrest. As explained below, although Plaintiff has sufficiently pled a claim of excessive force against Knapp and the unknown officer, Plaintiff's excessive force claims are time-barred.

There is a two-year statute of limitations for civil rights actions brought pursuant to Section 1983. See *Worthington v. Wilson*, 8 F.3d 1253, 1256-57 (7th Cir. 1993); *Wood v. Worachek*, 618 F.2d 1225, 1230 (7th Cir. 1980). A cause of action for a excessive force accrues on the date of the excessive force. See, *e.g.*, *Wallace v. City of Chicago*, 440 F.3d 421, 423 (7th Cir. 2006); *Gonzalez v. Entress*, 133 F.3d 551, 555 (7th Cir. 1998); *Boulden v. Froseth*, 2008 WL 2622861, at *2 (W.D. Wis. July 1, 2008) ("if a plaintiff is subject to excessive force during an arrest, his § 1983 claim accrues immediately").

The alleged use of excessive force took place on January 10, 2007; thus, the statute of limitations on any claim stemming from that use of force expired on January 10, 2009. Plaintiff was required to name the defendants that allegedly used excessive force against her by that date. Plaintiff did not name Knapp as a Defendant in her amended complaint until her February 4, 2009. Thus, Knapp was not named as a Defendant until after the limitations period expired, and Plaintiff's § 1983 excessive force claim survives only if the filing of the amended complaint relates back to the filing of the original complaint under Federal Rule of Civil Procedure 15(c).

The Seventh Circuit has long interpreted the third prong of Rule 15(c)(1) "to permit an

amendment to relate back to the original complaint only where there has been an error made concerning the identity of the proper party and where that party is chargeable with knowledge of the mistake." *King v. One Unknown Fed. Corr. Officer*, 201 F.3d 910, 914 (7th Cir. 2000) (internal quotation marks omitted) (citing *Baskin v. City of Des Plaines*, 138 F.3d 701, 704 (7th Cir. 1998)); *Worthington v. Wilson*, 8 F.3d 1253, 1256 (7th Cir. 1993); *Wood v. Worachek*, 618 F.2d 1225, 1230 (7th Cir. 1980)). The Seventh Circuit has "repeatedly reiterated that 'relation back' on grounds of 'mistake concerning the identity of the proper party' does not apply where the plaintiff simply lacks knowledge of the proper defendant." *Hall v. Norfolk Southern Ry. Co*, 469 F.3d 590, 595 (7th Cir. 2006); see also *Baskin*, 138 F.3d at 704. The Court has emphasized that Rule 15(c)(1) contains a "mistake" requirement that is independent from the determination of whether the new party knew that the action would be brought against it. *King*, 201 F.3d at 914 (citing *Baskin*, 138 F.3d at 704; *Worthington*, 8 F.3d at 1257; *Wood*, 618 F.2d at 1230). In fact, "in the absence of a mistake in the identification of the proper party, it is irrelevant for purposes of [Rule 15(c)(1)] whether or not the purported substitute party knew or should have known that the action would have been brought against him." *Baskin*, 138 F.3d at 704 (citing *Wood*, 618 F.2d at 1230).

Plaintiff has the burden of determining who is liable for her injuries and of doing so before the statute of limitations runs out. *Hall*, 496 F.3d at 596; see also *Gavin v. AT&T Corp.*, 2008 WL 400697, at *13 (N.D. Ill. February 12, 2008). As the court emphasized in *Hall*, for at least a quarter of a century, the Seventh Circuit consistently has upheld a "narrower" view of what constitutes a Rule 15(c) "mistake." 496 F.3d at 596. Under that construction of Rule 15(c), it is the plaintiff's burden to identify the proper party within the applicable limitations period, and there is no recourse under the relation back doctrine if the plaintiff's "mistake" amounts to a lack of knowledge of the proper party at the time the complaint is filed and the plaintiff does not seek leave to amend the

7

complaint to remedy that "mistake" until after the expiration of the limitations period. See *Jackson v. Kotter*, 541 F.3d 688, 696 (7th Cir. 2008) ("[a] plaintiff cannot, after the statute of limitations period, name as defendants individuals that were unidentified at the time of the original pleading. Not knowing a defendant's name is not a mistake under Rule 15.").

The Court is aware of, and often employs, the Seventh Circuit's "extra measure of grace" that sometimes is accorded to *pro se* litigants (see *Hall*, 469 F.3d at 597; *Donald*, 95 F.3d at 556); indeed, the Court did so in this case in twice appointing counsel, granting Plaintiff multiple extensions of time to file a second amended complaint, and in giving a broad construction to Plaintiff's amended complaint. Unfortunately for Plaintiff, given Seventh Circuit precedent, the failure to name Knapp, and to identify the unknown officer, before the two-year statute of limitations had run cannot be attributed to "mistake" as that term is understood in the controlling case law. Accordingly, when Plaintiff amended her complaint to name add Defendant Knapp and the unknown officer, that amendment did not relate back to the filing of her original complaint and her excessive force claim is time-barred. See *Walker v. Thompson*, 288 F.3d 1005, 1009-10 (7th Cir. 2002) (expiration of a statute of limitations is an affirmative defense, but "when the existence of a valid affirmative defense is so plain from the face of the complaint that the suit can be regarded as frivolous, the district judge need not wait for an answer before dismissing the suit").

Under the foregoing analysis, Plaintiff has no remaining claims. Accordingly, Plaintiff's amended complaint is dismissed in its entirety for failure to state a claim upon which relief can be granted.

### III. Conclusion

For the foregoing reasons, Defendant Wiskur's motion to dismiss [48] is granted. Maria

Wiskur is dismissed from this suit. On the Court's own motion, pursuant to 28 U.S.C. § 1915(e)(2), the remaining claims set forth in Plaintiff's amended complaint are dismissed for failure to state a claim upon which relief can be granted. This case is closed. Plaintiff's emergency motion for appointment of counsel [51] is denied as moot. Defendant's motion to appoint a special process server [53] also is denied as moot and the hearing date of April 22, 2010 for that motion is stricken. Plaintiff's response to Defendant's motion to dismiss [52] was erroneously docketed as a motion. The Clerk is directed to terminate the response [52] as a pending motion.

Dated: April 20, 2010

Robert M. Dow, Jr.
United States District Court Judge